Barnard, P. J.
No jury was needed as preliminary to the opening of the road in question.
It passed through an orchard of more than four years-growth and by the Revised Statutes such a road could not be opened under the general laws without the consent of the owner. 1 R. S., 514, section 57.
*841 This section was so amended by chapter 773 Laws of 1873 that a road which was prohibited under this section could be laid out without such consent. The commissioners were to certify that the public interest would be greatly promoted, and upon the certificate and upon a notice to the owner or occupant, to have a hearing before the county judge. If the judge affirmed the decision of the commissioners they were directed to present the order of the county judge to the general term of the supreme court of the department in which the land was situated, again upon notice and “if said court shall confirm the said order it shall then be the duty of the said commissioners to proceed and lay out the road as in other cases.”
Ho jury is called for and none is provided for.
By section 58 a jury was provided for in other cases and that section has been repeatedly amended, but there is no reason to believe that the legislature by the use of the general words in all cases where roads are laid out without the consent of the owner it shall be done upon the certificate of necessity by a jury.
These words only refer to those cases where the commissioners have power to lay out roads under the Revised-Statutes.
The certificate of necessity is reached in a different way when the road passes through gardens, orchards, buildings and fixtures, and the use of the words “as in other cases” was not intended to call for a jury but for the laying out of a road through buildings and fixtures and orchards as in ordinary cases.
The point taken in respect to the service of the notice of hearing before a jury is not sufficient to call for a reversal. The notice of hearing before the county judge was properly served.
The judgment should therefore be affirmed, with costs.
Dykman, J., concurs.